UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| FYANCE DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-2226 |
| | ) | |
| CHAD KOLITWENZEW, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that she was detained at Jerome Combs Detention Center where Defendant Krumweide found her guilty of violating the facility rules against fighting on two occasions and forced her to stay in disciplinary lockdown after each incident in retaliation for filing grievances. She alleges that Defendants Kolitwenzew and Schultz failed to "oversee the daily operations" in their capacities as high-level administrators.

Plaintiff alleges that Defendant O'Keefe twisted, bent, and shoved her arm while it was "hanging out of [her] tray slot" on one occasion, that Defendant Santiago denied her mental health medications "more than once," apparently because Plaintiff was "using [her] tablet." She alleges that Defendants Schultz and Memenga denied her request for paper copies of her grievances, that she has been denied the ability to practice her religion, and that most cells at the facility do not have hot water, mirrors, or a writing desk in violation of state jail standards, that the units are "absolutely freezing" because cold air comes in through the vents, and that officers chew tobacco.

Plaintiff cannot sue Defendants Kolitwenzew and Schultz solely because they are in charge of running the jail. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Nor can she prevail solely on her allegations that jail officials have violated state regulations. *Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020) ("[A] violation of a jail policy is not a constitutional violation enforceable under 28 U.S.C. § 1983."). The failure to provide paper copies of her grievances does not amount to the type of extreme deprivation required to show a constitutional violation. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).

Plaintiff may be able to state a claim based upon her allegations that Defendant Krumweide found her guilty of violating the facility rules in retaliation for her grievance activity, but she has not alleged sufficient facts to show the connection between the two actions. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018). She may be able to state Fourteenth Amendment claims for excessive force, denial of medication, and inhumane conditions of confinement, and a claim based upon the denial of her ability to practice her religion if she provides more information about the circumstances under which these events occurred. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53

(7th Cir. 2018); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019); *Holt v. Hobbs*, --- U.S. ---, 135 S. Ct. 853, 863 (2015).

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to renew pursuant to the instructions below to provide the Court with any information Plaintiff wishes the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

Entered this 26th day of January, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE