UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| FYANCE DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-2226 |
| | ) | |
| CHAD KOLITWENZEW, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 7). The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 8). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Krumweide placed him in disciplinary segregation for a fight that did not occur and kept there for 22 days because he wrote grievances, and that he was the only detainee punished for a fight that occurred approximately two months later. Plaintiff

alleges that Defendants Krumweide and DeNault ignored an order to house him in a cell by himself for his own safety, resulting in an incident where another detainee hit him in the head multiple times with a broomstick.

Plaintiff alleges that he is a Seventh Day Adventist, and that the jail does not have a chaplain, services, programs, or other religious activities.

Plaintiff alleges that Defendant O'Keefe grabbed his arm, "twisted it, and pushed it back into my tray slot to close it," apparently in response to Plaintiff's request to speak with a supervisor.

Plaintiff alleges that "on 2/12/21 and numerous other dates," Defendant Santiago denied him medications because he was using his tablet. He alleges further that there is no hot water in any cell, that the air conditioning runs year-round, that officials have not fixed the problems "even after countless grievances and work orders," that he went several days without a mattress until officials could get him a replacement for a moldy one they had given him, and that black mold is in the showers. Plaintiff alleges that Defendant Georgeff leaves bowls of cereal on the table for at least 30 minutes each morning.

Plaintiff states a First Amendment retaliation claim against Defendant Krumweide regarding the alleged discipline and a Fourteenth Amendment failure-to-protect claim against Defendants Krumweide and DeNault for the alleged failure to house Plaintiff separately. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018); *Kemp v. Fulton Cty.*, 27 F.4th 491, 496 (7th Cir. 2022). Plaintiff does not state a claim against Defendant Kolitwenzew based on his allegations that this defendant oversaw the jail's operations. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of

action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff does not allege sufficient facts regarding how the alleged lack of services specific to his religion has affected his ability to practice his religion, whether he requested access to these services, and, if he did, the jail official who denied his request. Plaintiff also does not have a constitutional right to speak with a supervisor upon request, and if, as his allegations suggest, he placed his arm in the tray slot to achieve that end, his allegations regarding Defendant O'Keefe's use of force do not permit a plausible inference that the level of force used was unreasonable under the circumstances. Plaintiff does not provide information regarding his medical condition, his prescribed medications, and the resulting effects of Defendant Garcia's alleged denial.

Plaintiff also does not allege sufficient facts for the Court to find that he suffered the type of deprivation necessary to state a conditions of confinement claim. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (deprivation must be extreme and officials must have acted unreasonably in response to it). Plaintiff's allegations do not permit a plausible inference that he was denied adequate food. The Court finds that Plaintiff does not state claims related to his religious practice, the tray slot incident, his medications, or the conditions of confinement.

**IT IS THEREFORE ORDERED:**

**1.     Plaintiff's Motion for Leave to File Amended Complaint [8] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

**2.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a First Amendment retaliation claim against Defendant Krumweide regarding the alleged discipline and a Fourteenth Amendment failure-to-protect claim against Defendants Krumweide and DeNault for the alleged failure to house Plaintiff separately. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

    3.    This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

    4.    The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

    5.    With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

    6.    The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

    7.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

    8.    Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

    9.    The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      10.    If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      11.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      12.    The clerk is directed to terminate Chad Kolitwenzew, Robert Schultz, Schultz (Badge No. 7582), O'Keefe, Georgeff, Santiago, and Memenga as defendants.

      13.    The clerk is directed to add DeNault #5672 as a defendant

      14.    The clerk is directed to attempt service on Defendants Krumweide and DeNault pursuant to the standard procedures.

      15.    Plaintiff's Motion for Status [9] is GRANTED. This Order resolves all pending issues.

Entered this 26th day of September, 2023.

                                            *s/Sara Darrow*
                                            SARA DARROW
                                          CHIEF U.S. DISTRICT JUDGE